[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

No. 09-10085
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00302-CV-RLV-4,
97-00035-CR-RLV-4

RODNEY SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 09-10086
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00301-CV-RLV-4,
97-00035-CR-RLV-4

RICKY LAMAR WADE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

No. 09-10087
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00300-CV-RLV-4,
97-00035-CR-RLV-4

BARBARA SUE CULBERSON,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(May 12, 2010)

Before PRYOR, MARTIN and FAY, Circuit Judges.

2

PER CURIAM:

Rodney Smith, Ricky Wade, and Barbara Culberson appeal the denial of their motions to vacate, set aside, or correct their sentences. 28 U.S.C. § 2255. We granted a certificate of appealability to determine "whether counsel was ineffective for failing to object when the prosecutor, during closing arguments, referred to what 'did not happen' before the grand jury." We affirm.

At trial, the government introduced evidence that agents of the Drug Enforcement Agency observed Smith, Wade, and Culberson transport to Culberson's house a collection of substances and glassware commonly used to manufacture methamphetamine. During a search of the house, agents discovered sufficient methylamine to manufacture 2000 grams of methamphetamine. Agents also discovered a handwritten note containing a recipe for manufacturing methamphetamine.

Federal agents testified about the discovery of the note. Agent Mel Schabilion testified that he had discovered the note in "part of a coiled notebook that was on top of a nightstand adjacent to the bed in the master bedroom of Miss Culberson's house." Agent David Gray also testified that the note was found on a night stand. On cross-examination, Gray explained that he had mistakenly stated in his affidavit in support of the search warrant that the note was found in a purse.

3

During closing arguments, defense counsel for Smith and Culberson discussed conflicting evidence about who had found the note and where the note had been discovered. Counsel for Culberson argued that Gray had made statements about the note in his "original testimony," before a judge, and at trial. The prosecutor responded that Agent Gray mistakenly had made conflicting statements about the note and asked the jury to consider the facts in evidence:

> Contrary to what [Culberson's counsel] said, Agent Gray did not testify that he said he found the notes in the purse. Agent Gray, in the criminal complaint, said that other agents found the note in the purse, and he was mistaken about that. That's not where the note was found, but he did not claim that he found it. And you have not heard any evidence about the grand jury, where supposedly Agent Gray said that he found the note. You've heard no evidence of that. It did not happen.
> Agent Gray, as you know and as we admitted, made some mistakes in the search warrant affidavit and the criminal complaint. Those kind of things have to be done in a big hurry. . . . Mistakes get made when that happens. And it's made Agent Gray a target here for unfair allegations that something was done wrong when in fact nothing happened.

Defense counsel did not object to the prosecutor's argument. The district court later instructed the jury that "[t]he lawyer's statements are not evidence."

The jury found Smith guilty of four crimes: conspiracy with intent to distribute methamphetamine, 21 U.S.C. §§ 841, 846; possession of a listed chemical, id. § 841(c)(1); 18 U.S.C. § 2; possession of a prohibited flask, id. § 2; 21 U.S.C. § 841, 843(a)(6); and use of a communication facility to commit a drug

4

offense, id. §§ 841, 843(b). Wade and Culberson were convicted of three crimes: conspiracy with intent to distribute methamphetamine, id. §§ 841, 846; possession of a listed chemical, id. § 841(c)(1); 18 U.S.C. § 2; and possession of a prohibited flask, id. § 2; 21 U.S.C. § 841, 843(a)(6). The district court sentenced all three defendants to 360 months of imprisonment. This Court affirmed their convictions and sentences on direct appeal. United States v. Smith, 240 F.3d 927 (11th Cir. 2001).

Smith, Wade, and Culberson moved to vacate their sentences. 28 U.S.C. § 2255. Smith, Wade, and Culberson argued that trial counsel was ineffective for failing to object when the prosecutor allegedly vouched for the credibility of Agent Gray. Smith, Wade, and Culberson alleged that the prosecutor stated that she "personally did not believe Gray had intentionally lied or omitted information in preparing the search warrant affidavit."

The district court denied the motions to vacate. The district court stated that it was "somewhat troubled by the prosecutor's reference to what 'did not happen' before the grand jury" but "in viewing the prosecutor's argument as a whole and in the context of arguments made by defense counsel," the court concluded that the prosecutor did not vouch for Agent Gray. The district court ruled that trial counsel was not ineffective for failing to object to the prosecutor's argument.

Smith, Wade, and Culberson argue that counsel made a professional mistake that prejudiced the outcome of their trials, but we disagree. Counsel reasonably could have determined that an objection was unnecessary. See Zakrzewski v. McDonough, 455 F.3d 1254, 1259–60 (11th Cir. 2006). Counsel for Culberson referred to Gray's "original testimony" about discovering the note, and the prosecutor, who interpreted counsel's remark as a reference to testimony before a grand jury, was entitled to respond that no testimony before the grand jury had been mentioned during trial and the jurors could not consider facts not in evidence. See United States v. Lopez, 590 F.3d 1238, 1256 (11th Cir. 2009) (recognizing, as an exception to the prohibition against vouching for a witness, that "a prosecutor [is entitled] to respond to arguments advanced by defense counsel in his or her statement to the jury'"). Even if we were to assume that the failure to object constituted deficient performance, there is no evidence of prejudice. The district court instructed the jury that the arguments of counsel were not evidence, id., and the government presented ample proof that Smith, Wade, and Culberson possessed illegal paraphernalia and precursor materials sufficient to manufacture a large quantity of methamphetamine, see Sims v. Singletary, 155 F.3d 1297, 1309 (11th Cir. 1998). The district court did not err by denying the motions to vacate.

**AFFIRMED.**